UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.33.145,<br><br>                              Defendant. | Case No.: 20cv948-WQH (MSB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE** |

On July 1, 2020, Plaintiff Strike 3 Holdings ("Plaintiff") filed an Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Ex Parte Application").  (ECF No. 3.)  Plaintiff seeks to subpoena Defendant John Doe's ("Defendant") Internet Service Provider ("ISP") Spectrum for "limited, immediate discovery . . . so that Plaintiff may learn Defendant's identity [and] further investigate Defendant's role in the infringement and effectuate service."  (ECF No. 3-1 at 7.)  Because the Defendant has not been identified, no opposition or reply briefs have been filed.  For the following reasons, the Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference is **GRANTED.**

///

///

## I.   BACKGROUND

Plaintiff purports to be the registered owner of certain copyrighted motion pictures.  (ECF No. 1 at 1.)  On May 21, 2020, Plaintiff filed a Complaint alleging that Defendant John Doe, an internet subscriber assigned Internet protocol ("IP") address 70.95.33.145, used the BitTorrent file distribution network to illegally download and distribute over forty of Plaintiff's copyrighted works over an extended period of time.  (Id. at 2.)  Plaintiff alleges that it used its infringement detection system, VXN Scan, to discover that Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.  (ECF No. 3-2 at 20.)

Initially, Plaintiff moved to discover Defendant's identity "utilizing a state court procedure in Florida where [Plaintiff's] infringement detection servers are located." (ECF No. 1 at 5.)  However, "Defendant objected asserting that the action is more properly litigated in the federal court of his or her domicile."  (Id.)  Plaintiff is amenable to litigating the matter in Federal Court and thus initiated this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338.  (Id. at 2.)

On July 1, 2020, Plaintiff filed the instant Ex Parte Application to seek leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's ISP, Spectrum.  (ECF No. 3-1 at 8.)  Plaintiff maintains that the Rule 45 subpoena "will only demand the true name and address of Defendant" and Plaintiff "will only use this information to prosecute the claims made in its Complaint."  (Id.)  Plaintiff further claims that "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights."  (Id.)

## II.   LEGAL STANDARD

Generally, formal discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  However, courts have made exceptions "in rare cases . . . permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. Seescandy.com, 185

F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Courts in the Ninth Circuit apply a "good cause" standard to decide whether to permit early discovery. Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). "Good cause" is established "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Id.

District courts in the Ninth Circuit have held that "when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, No. 12CV00186 MMA(RBB), 2012 WL 12884688 (S.D. Cal. May 8, 2012) (citing Gillespie, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." Columbia Ins. Co., 185 F.R.D. at 578 (citing Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

The Ninth Circuit typically applies a three-factor test when considering motions for early discovery to identify Doe defendants. Columbia Ins. Co., 185 F.R.D. at 578-80. First, plaintiffs should be able to "identify the missing party with sufficient specificity [] that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, plaintiffs "should identify all previous steps taken to locate the elusive defendant" to ensure "that [the movant has made] a good faith effort to comply with the requirements of the service of process and specifically identifying defendants." Id. at 579. Third, the moving party "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." Id.; see Gillespie, 629 F.2d at 642 (stating early discovery to identify unknown defendants should be permitted unless the complaint would be dismissed on other grounds). In addition to satisfying all three factors,

plaintiffs should include "reasons justifying the specific discovery requested [and] identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." Columbia Ins. Co., 185 F.R.D. at 580; see Gillespie, 629 F.2d at 642 (explaining that early discovery is precluded if it is not likely to provide the identity of the defendant.). These safeguards are intended to ensure that early discovery "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent the use of this method to harass or intimidate." Id. at 578.

### III. ANALYSIS

**A. Identification of Defendant with Sufficient Specificity**

For the Court to grant Plaintiff's Ex Parte Application, Plaintiff must first identify Defendant with enough specificity to allow the Court to determine that Defendant is a real person who could be subject to the jurisdiction of this Court. See Columbia Ins., 185 F.R.D. at 578. Courts in the Ninth Circuit have held that "a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC, 2012 WL 12884688, at *4 (quoting Openmind Solutions, Inc. v. Does 1-39, No. C 11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); Pink Lotus Entm't, LLC v. Does 1-46, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)). Therefore, in order for Plaintiff to identify Defendant with sufficient specificity, it is critical that Plaintiff identify that there is an actual human involved in the downloading and sharing of Plaintiff's allegedly infringed works.

First, Plaintiff submitted the Declaration of David Williamson, an Information Systems and Management Consultant, wherein Mr. Williamson claims that he used Plaintiff's infringement detection system, VXN Scan, to identify IP addresses that

infringe upon Plaintiff's movies through the BitTorrent protocol.  (ECF No. 3-2 at 9.)  Further, the BitTorrent functions that Plaintiff accuses Defendant of using require human operation.  See Christopher Civil, Mass Copyright Infringement Litigation: Of Trolls, Pornography, Settlement and Joinder, 30 Syracuse J. Sci. & Tech. L. 2, 12 (2014) ("BitTorrent transfers do not involve a centralized server that hosts or transfers the data files in question.  Instead, BitTorrent involves users interacting directly with other users to upload and download the content.").  Therefore, it becomes clear that an actual human was involved in the downloading and sharing of Plaintiff's allegedly infringed works.

      Second, Plaintiff submitted the Declaration of Patrick Paige, a managing member at Computer Forensics, LLC, wherein Mr. Paige contends that he utilized Packet Capture ("PCAP") and VXN Scan to connect Defendant's IP address to the alleged "piece of an infringing copy of Plaintiff's works . . . ."  (ECF No. 3-2 at 21.)  Mr. Paige further asserts that "[t]he PCAP contains a record data concerning that transaction, including, but not limited to, the [IP] Addresses used in the network transaction, the date and time of the network transaction, the port number used to accomplish each network transaction, and the Info Hash value that the VXN Scan used as the subject of its request for data."  (Id.)  Mr. Paige contends that the contents of the PCAP confirm that the infringing activity connected to the "IP address 70.95.33.143 was initiated at 02/05/2020 12:49:23 UTC."  (Id.)  Mr. Paige concludes that "the PCAP evidence shows that within that transaction, IP address 70.95.33.145 uploaded a piece or pieces of a file corresponded to hash value [representing Plaintiff's works] to VXN Scan."  (Id.)  This date and time correspond with the date and time one of Plaintiff's works were allegedly illegally downloaded according to Exhibit A of Plaintiff's Complaint.  (ECF No. 1-2 at 1.)

      In addition, Plaintiff submitted the Declaration of Emilie Kennedy, Plaintiff's in-house General counsel, wherein Ms. Kennedy asserts geolocation was done by an unspecified person to identify the location of Defendant on three separate occasions.  (ECF No. 3-2 at 30.)  On the first occasion, Ms. Kennedy asserts "[a]fter [Plaintiff]

received infringement data from VXN Scan identifying IP address 70.95.33.145 as infringing its works, the IP address was automatically inputted into Maxmind's Geolocation Database . . . on August 6, 2019 . . . ." (Id.) Ms. Kennedy contends that "the Maxmind Database, a geolocation technology, [was used] to trace Defendant's IP address to a geographic area within this Court's jurisdiction. (Id.) On the second occasion, Ms. Kennedy claims "[p]rior to filing its Complaint, Strike 3 again inputted IP address 70.95.33.145 into the Maxmind Database and confirmed that IP address 70.95.33.145 continued to trace to this District." (Id.) On the final occasion, Ms. Kennedy asserts "before filing this declaration, [Plaintiff] inputted IP address 70.95.33.145 again into the Maxmind Database and confirmed that it traces to San Diego, California." (Id.) Attached as Exhibit 1 to Ms. Kennedy's Declaration is a chart reflecting the results of the third and final Maxmind Database search, showing that the IP address alleged to be involved in the illegal downloads and confirms the location of San Diego, CA. (Id. at 33.)

      Plaintiff has provided sufficient information about infringing activity tied to Defendant's unique IP address, the specific date and time associated with the activity, the name of the ISP for the user of the IP address, and the location of the activity. Therefore, Plaintiff has demonstrated with sufficient specificity that Defendant is a real person or entity that falls within the jurisdiction of this court. See Criminal Prods., Inc. v. Doe-72.192.163.220, No. 16-CV-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) (holding the sufficient specificity threshold is satisfied when the IP address identified by Maxmind geolocation services identifies a physical location within the court's jurisdiction.).

**B.    Good Faith Efforts to Identify Defendant**

      For the Court to grant Plaintiff's Ex Parte Application, Plaintiff must also demonstrate that it has taken previous steps to locate and serve the Defendant. See Columbia Ins. Co., 185 F.R.D. at 579. Although Plaintiff maintains that it attempted to identify Defendant by searching Defendant's IP address "on various web search tools,

including basic search engines like http://www.google.com," Plaintiff does not submit evidence supporting this claim.  (See ECF No. 3-1 at 14.)  However, as aforementioned in Ms. Kennedy's Declaration, Plaintiff did take substantial steps to locate the Defendant's IP address, and identify Defendant's ISP.  (ECF No. 3-2 at 30.)  Despite these efforts, Plaintiff was unable to correlate the IP address to Defendant's identity.  Plaintiff maintains that it has been "unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights from illegal piracy over the Internet."  (ECF No. 3-1 at 14.)  The Court therefore finds that Plaintiff made a good faith effort to identify, locate, and serve the Defendant.  See Malibu Media, LLC v. John Does 1 through 6, No. 12-CV-1355-LAB DHB, 2012 WL 4471538, at *3 (S.D. Cal. Sept. 26, 2012) (finding the plaintiff's efforts to identify Doe defendant were sufficient because "there is no other way for [p]laintiff to obtain [d]efendants' identities, except by serving a subpoena on [d]efendants' ISPs demanding it."); see also, e.g., Digital Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 WL 5362068, at *2 (N.D. Cal. Nov. 4, 2011) (finding the plaintiff's attempts to identify and locate the defendant sufficient when the plaintiff "investigated and collected data on unauthorized distribution of copies of the [alleged infringed work] on BitTorrent-based peer-to-peer network").

**C.     Whether Suit Could Withstand a Motion to Dismiss**

For the Court to grant Plaintiff's Ex Parte Application, Plaintiff must also show that the complaint could withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.  A suit may be dismissed pursuant to Rule 12(b) on several bases.  Of all the bases that bear dismissal, those relevant here are lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim.  Fed. R. Civ. P. 12(b)(1), (2), (6).  Plaintiff's Complaint alleges that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions)."  (ECF No. 1 at 2.)

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the allegations in the Complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). To allege a copyright infringement claim, Plaintiff must (1) "show ownership of the allegedly infringed material" and (2) "demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiff alleges it owns over forty copyrighted works that are the subject of this suit and claims that the works "are registered with the United States Copyright Office." (ECF No. 1 at 7.) Plaintiff also alleges that Defendant "used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures." (Id. at 5.) With these allegations, Plaintiff sufficiently sets forth facts demonstrating the required ownership and infringement. Assuming these allegations are true, they state a claim on which relief can be granted. See A&M Records, Inc., 239 F.3d at 1013-14 (finding plaintiffs sufficiently demonstrated ownership and infringement by showing Napster allowed its users to download copyrighted music, up to 70% of which was owned or administered by the plaintiffs); see also Malibu Media, LLC v. Doe, No. 16CV1916-GPC(JMA), 2016 WL 6216183, at *2 (S.D. Cal. Oct. 25, 2016) (holding plaintiff has alleged a prima facie case of copyright infringement against defendant by alleging that plaintiff owns 12 copyrighted movies at issue and that defendant infringed plaintiff's copyrights by copying and distributing plaintiff's movies through the BitTorrent network without plaintiff's permission). Therefore, Plaintiff has sufficiently alleged a prima facie claim of copyright infringement that will likely withstand a motion to dismiss based on subject matter jurisdiction or failure to state claim.

In order to prevail on any claim, a case must also withstand a motion to dismiss for lack of personal jurisdiction over a defendant. See Fed. R. Civ. P. 12(b)(2). To withstand a motion to dismiss for lack of personal jurisdiction, Plaintiff must make a "prima facie showing of jurisdictional facts." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Plaintiff maintains that it used geolocation technology to determine that

Defendant's IP address correlates to a physical address in San Diego, CA which falls within the jurisdiction of the Southern District of California. (ECF No. 1 at 3.) Therefore, Plaintiff has accordingly alleged jurisdictional facts that are likely to withstand a motion to dismiss for lack of personal jurisdiction.

Based on the foregoing, the Court does not find any reason that Plaintiff's claims would be dismissed.

### D.  Whether Requested Discovery Will Lead to Identifying Information

Finally, Plaintiff is required to demonstrate that "there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." Columbia Ins. Co., 185 F.R.D. at 580. As discussed above, Plaintiff's forensic investigation uncovered the unique IP address 70.95.33.145. (ECF No. 3-2 at 21.) Further, Plaintiff claims to have utilized the American Registry for Internet Numbers to determine that the ISP Spectrum owned Defendant's IP address at the time of the infringement. (Id. at 27.) Spectrum is the only entity that may correlate Defendant's IP address to the IP address owner's true identity. (Id. at 26.) Therefore, if Spectrum provides Plaintiff with Defendant's name and address, Plaintiff will likely lead to information making it possible to effectuate service on Defendant.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 3] as follows:

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum, seeking only the name and address of the subscriber assigned to the IP address 70.95.33.145. Plaintiff may not subpoena additional information about the subscriber;

2. Plaintiff may only use the disclosed information to protect its copyrights in the instant litigation;

3. Within fourteen (14) calendar days after service of the subpoena, Spectrum

shall notify the subscriber assigned the IP address 70.95.33.145 that his, her, or its identity has been subpoenaed by Plaintiff;

4. The subscriber whose identity has be subpoenaed shall have thirty (30) calendar days from the date of the notice to challenge the disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

5. If Spectrum wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Spectrum shall preserve the information sought by Plaintiff in the subpoena pending resolution of the motion or challenge;

6. Plaintiff shall serve a copy of this Order with any subpoena obtained and served to Spectrum pursuant to this Order;

7. Spectrum must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

8. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: July 24, 2020

Honorable Michael S. Berg
United States Magistrate Judge